J-S33037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTY GASKIN | |
| Appellant | No. 1332 EDA 2010 |

Appeal from the Judgment of Sentence entered April 29, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010890-2009

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 25, 2014**

Appellant, Christy Gaskin, appeals from the April 29, 2010 judgment of sentence imposing two concurrent sentences of six to twelve months of house arrest followed by three years of probation for possession of a controlled substance and possession with intent to deliver a controlled substance ("PWID") (35 Pa.C.S.A. § 780-113(a)(16) and (30), respectively). We affirm in part and vacate in part.

The record reveals that Officer William Carrion ("Officer Carrion") was on duty in plain clothes on January 17, 2003.  N.T. Trial, 3/10/10, at 14. Officer Carrion engaged in a conversation with Corey Parks ("Parks") on the 3300 block of Kensington Avenue in Philadelphia.  *Id.* at 15.  Parks directed the officers to 3320 Kensington Avenue, where Officer Carrion observed Appellant hanging out of a second floor window.  *Id.*  Parks and Appellant

conversed, and Appellant left the window to come to the front door. *Id.* at 15-16. While Appellant was en route, Officer Carrion handed Parks a prerecorded five dollar bill. *Id.* at 16. When Appellant opened the front door, Parks handed her the five dollar bill and Appellant handed Parks two heat-sealed plastic packets later determined to contain cocaine. *Id.* at 16-17. The interaction among Officer Carrion, Parks, and Appellant occurred while Officer Ernest Brown ("Officer Brown") was conducting surveillance from twenty feet away. *Id.* at 30. Brown also observed the initial conversation between Officer Carrion and Parks. Subsequent to the transaction Officers Carrion and Brown summoned backup, and Appellant and Parks were arrested. *Id.* at 16, 30.

Appellant proceeded to a March 10, 2010 bench trial, at the conclusion of which the trial court found her guilty of the aforementioned offenses. The trial court imposed sentence on April 29, 2010 and Appellant filed this timely appeal on May 12, 2010. She challenges the sufficiency of the evidence in support of both convictions and argues her sentence for possession is illegal because it is a lesser included offense of PWID. Appellant's Brief at 2. We will address these contentions in turn.

We review Appellant's sufficiency of the evidence claim according to the following:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the

crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 2014 Pa LEXIS 1647 (Pa. July 7, 2014).

Appellant argues the evidence is insufficient because police did not recover the prerecorded five dollar bill or any drugs from her person, and because Parks later denied engaging in the transaction with her. In its Pa.R.A.P. 1925(a) opinion, the trial court rejected Appellant's argument based on its credibility assessments. Trial Court Opinion, 8/9/13, at 4.[1] Specifically, the trial court found Officers Carrion and Brown credible, and

---

[1] On September 2, 2010, this Court sent the trial court a notice of delinquency in regards to our receipt of the certified record. The record also reflects that substitute counsel was appointed to represent Appellant on July 15, 2011. On September 27, 2011, substitute counsel filed a request for an extension of time to comply with the trial court's Pa.R.A.P. 1925(a) order, alleging the clerk of courts provided the incorrect record, and then provided an incomplete one. Other than these items, we are unable to discern from the record the reasons for the lengthy delay in the processing of this appeal.

Parks not credible in light of 11 prior *crimen falsi* convictions. Put simply, Officer Carrion provided an eyewitness account of a drug transaction that took place while he was in the immediate presence of both parties. Officer Carrion personally observed Appellant hand two packets to Parks in exchange for money. The trial court was free to deem Carrion's account credible. **Antidormi**, 84 A.3d at 756. Subsequent testing revealed that the packets contained cocaine. Appellant cannot obtain relief on her sufficiency of the evidence argument.

Next Appellant argues her sentence is illegal because her possession and PWID convictions arise from the same act, and because possession is a lesser included offense of PWID.[2] Merger implicates the legality of a sentence, and as such our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Jenkins**, 2014 Pa. Super. LEXIS 1786 (Pa. Super. July 5, 2014). This Court has indeed held that possession under § 780-113(a)(30) is a lesser included offense of PWID and that the two offenses merge for sentencing purposes if they arise from a single act. **Commonwealth v. Rippy**, 732 A.2d 1216, 1223-24 (Pa. Super. 1999).

Instantly, Appellant's convictions plainly arise from the same act, that being the transaction with Parks. The Commonwealth concedes the validity

---

[2] "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765.

of Appellant's argument. Commonwealth's Brief at 10-11. We therefore vacate the judgment of sentence for Appellants' violation of 35 Pa.C.S.A. § 780-113(a)(16). Since the trial court imposed identical concurrent sentences, our result does not disturb the trial court's sentencing scheme. We therefore need not vacate the entire sentence and remand for resentencing.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2014